**FAYSOUND LIMITED, Appellee,**

v.

**WALTER FULLER AIRCRAFT SALES, INC., Appellant.**

**Falcon Jet Corporation.**

**No. 91–3216.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 27, 1991.

Decided Dec. 6, 1991.

Michael Lowenberg and Melinda G. Jayson, Dallas, Tex., Diane S. Mackey and Frederick S. Ursery, Little Rock, Ark., for appellant.

Vincent Foster, Jr., and Jess Askew, III, Little Rock, Ark., for appellee.

Before ARNOLD, Circuit Judge, HEANEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

ARNOLD, Circuit Judge.

The motion of appellee Faysound Limited for leave to file a reply is granted, and the Clerk is directed to file the reply.

 We have before us appellee's Motion for Summary Disposition. Neither the Federal Rules of Appellate Procedure nor the Local Rules of this Court expressly recognize such a motion. Eighth Cir.R. 47A(b), to which Faysound's Motion refers, has to do with motions to dismiss appeals on jurisdictional grounds. There is no doubt of our jurisdiction over this appeal. The point of Faysound's motion is that the order from which the appeal is taken is so clearly correct that it should be summarily affirmed. Normally such motions by appellees are not entertained, because the time and effort required to decide them tend to approach the time and effort required to decide the appeal itself after full briefing. In other words, we do not believe that motions by appellees for summary disposition should be allowed, as a matter of practice, to replace briefs of appellees. Accordingly, the Motion for Summary Disposition is denied.

Under our Rule 47A(a), however, "[t]he court on its own motion may summarily dispose of any appeal...." The rule further provides: "The court may affirm or reverse when the questions presented do not require further consideration."

 Having read the submissions of both parties with respect to the Motion for Summary Disposition, we choose to proceed under Rule 47A(a). The parties' contentions with respect to the availability of Fed.R.Civ.P. 60(b)(4) in the present circumstances have been fully ventilated. For this reason, "the questions presented do not require further consideration." The principal obstacle to Fuller's position is this Court's opinion in *Kansas City Southern Ry. v. Great Lakes Carbon Corp.*, 624 F.2d 822 (8th Cir.), *cert. denied*, 449 U.S. 955, 101 S.Ct. 363, 66 L.Ed.2d 220 (1980) (en banc). We agree with Faysound that the case is in point and makes it inappropriate for us to reach the underlying jurisdictional argument that Fuller is attempting to assert. Fuller tries valiantly to distinguish *Great Lakes*, but it does not succeed. The proffered distinction is between (a) a case in which a court wrongly decides that it has jurisdiction, and (b) a case in which a court's action is void because it lacks jurisdiction. This distinction escapes us. If a court decides wrongly that it has jurisdiction, then it lacks jurisdiction. The two formulations are different ways of saying what is in the end the same thing.

Accordingly, *Great Lakes* compels us to hold that the District Court was without

authority to reach Fuller's jurisdictional contention in a Rule 60(b)(4) proceeding. The order of the District Court denying Fuller's motion under this Rule is

Affirmed.